```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

ERIC X. MARTINEZ,

                               Petitioner,

      -vs-

MICHAEL CAPRA, Superintendent, Sing Sing Correctional Facility,

                               Respondent.

**No. 6:14-cv-06222-MAT**
**DECISION AND ORDER**
___

## I.  Introduction

Proceeding pro se Eric X. Martinez ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 9, 2016, the Court issued a Decision and Order (Dkt #28) denying the petition and declining to issue a certificate of appealability. Judgment in Respondent's favor was entered on May 10, 2016 (Dkt #30). Petitioner sent a letter to the Court dated January 21, 2017, which the Court construed as a Motion for Leave to appeal and/or Motion for Reconsideration (Dkt #33) ("the Reconsideration Motion") of the Decision and Order denying his habeas petition. On February 13, 2017, Respondent filed a Memorandum of Law in Opposition (Dkt #34) to Petitioner's Motion for Reconsideration. Petitioner sent a letter dated February 5, 2017, to the Court requesting an attorney and, should the Court appoint an attorney, an extension of time to file a reply to Respondent's opposition brief. The Court has construed this as a

Motion for Appointment of Counsel and a Conditional Request for Extension of Time to File Reply (Dkt #36). For the reasons discussed below, all of Petitioner's motions are denied with prejudice.

**II. Discussion**

   **A.   Reconsideration**

Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") and are frequently brought in the habeas context. See, e.g., Graziano v. Lape, No. 904CV0084LEKGJD, 2005 WL 1176567, at *1 (N.D.N.Y. May 4, 2005) (Section 2254 petitioner filed motion for reconsideration based on new evidence) (citation omitted). However, the most recent version of Rule 59(e),[1] which was in effect at the time of Petitioner's judgment, contains a 28-day time-limit on filing motions for reconsideration.[2] The deadline under Rule 59(e) is "inflexible[.]" Crenshaw v. Superintendent of Five Points Corr. Fac., 595 F. Supp.2d 224, 227 (W.D.N.Y. 2009). Therefore, Petitioner's motion cannot be brought under the authority of Rule 59(e) because it is untimely under that rule. See id.

---

   [1]   "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

   [2]
   Prior to December 1, 2009, motions under Rule 59(e) had to be filed no later than 10 days after the entry of judgment.

In similar circumstances, courts have treated untimely Rule 59(e) motions as motions to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). See, e.g., DiGirolamo v. United States, 279 F. App'x 37, 39 (2d Cir. 2008) (unpublished opn.) (Section 2255 petitioner's filing "cannot be construed as a Rule 59(e) motion because it was not filed within ten days of the district court's original opinion, but should be treated rather as a motion for relief from a judgment or order under Rule 60(b)(6).") (citing Feldberg v. Quechee Lakes Corp., 463 F.3d 195, 198 (2d Cir. 2006) (construing the defective Rule 59(e) motion as a Rule 60(b) motion)).

Rule 60(b) provides a party with the opportunity to seek relief from a prior judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). In addition to filing in a reasonably timely manner, the moving party must demonstrate

"extraordinary circumstances" or "extreme hardship." PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983).

Petitioner has not attempted to demonstrate "extraordinary circumstances" or "extreme hardship." Indeed, he has not asserted any facts or legal arguments to justify vacating the judgment against him, but instead simply asks if he can "bring [his case] again to [this] court for new federal arguments as a fact and the grounds of a federal case arguments in a writ habeas corpus motion." Petitioner has not met the strict requirements for granting relief under Rule 60(b), and accordingly his motion is denied. See, e.g., Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (Section 2254 petitioner filed Rule 60(b) motion three and one-half years from the date judgment was entered; court found that was not a "reasonable time" and, even if motion were timely filed, "it would still fail, because '[r]elief under Rule 60(b)(6) is appropriate only in cases presenting extraordinary circumstances,' and [the petitioner] has failed to allege any such circumstances") (quotation omitted).

### B.  Late Leave to Appeal

The Court has construed Petitioner's first post-judgment motion as also including a request for permission to file a late notice of appeal, as Petitioner states, "I really would like to appeal my case to a higher court can you please allow me to appealed . . . ."

Very strict timelines circumscribe the district court's ability to grant extensions of time to file notices of appeal. See Endicott Johnson Corp. v. Liberty Mut. Ins. Co., 116 F.3d 53, 56 (2d Cir. 1997). In a civil case such as this one, "the notice of appeal . . . must be filed with the district clerk *within 30 days* after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). The requirements of Federal Rule of Appellate Procedure ("F.R.A.P.") 4(a) are "mandatory and jurisdictional." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam) (quotation omitted).

### 1.   F.R.A.P. 4(a)(5)

In a civil action in which the United States or its officer or agency is not a party, a motion for an extension of time to file a notice of appeal must be filed no later than 30 days after the expiration of the 30-day period in which to file a notice of appeal. See FED. R. APP. P. 4(a)(1)(A), (5)(A)(i). Orders and judgments dismissing an action are to be set forth on separate documents under Federal Rule of Civil Procedure ("F.R.C.P.") 58(a), and are considered entered for the purposes of F.R.A.P. 4(a) when the judgment or order is entered in the civil docket under F.R.C.P. 79(a) and when the earlier of these two events occurs: the judgment or order is set forth on a separate document, or 150 days have run from entry of the judgment or order in the civil docket under F.R.C.P. 79(a). See FED. R. APP. P. 4(a)(7)(A)(ii). However,

a court "lacks [the subject matter] jurisdiction to grant any extension motion that is not filed within [F.R.A.P.] 4(a)(5)'s 30-day 'grace period.'" Cohen v. Empire Blue Cross & Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam).

Here, the order dismissing the petition and the judgment in favor of Respondent were both entered, as separate documents, on the Court's civil docket on May 9, 2016, and May 10, 2016, respectively, pursuant to F.R.C.P. 79(a). Petitioner therefore had until 30 days from May 10, 2016, to file his notice of appeal. Thirty days from Tuesday, May 10, 2016, was Thursday, June 9, 2016.

The Court now must determine the date of filing of Petitioner's motion for an extension of time. Petitioner's motion was received by this Court on January 25, 2017, but his motion was signed and dated January 21, 2017. The prison mailbox rule, applicable to incarcerated, pro se litigants, has been extended to the filing of notices of appeal by habeas petitioners. See Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (holding that a prisoner appearing pro se satisfies the time limit for filing a notice of appeal if he delivers the notice to prison officials within the time specified; this "prison mailbox rule" is justified by the litigant's dependence on the prison mail system and lack of counsel to assure timely filing with the court). The Court will apply the prison mailbox rule to find that Petitioner filed his motion on January 21, 2017, for purposes of the analysis under F.R.A.P.

4(a)(5). This was 226 days after June 9, 2016, the date it was due. Clearly, it is untimely. In sum, Petitioner's motion, to the extent it is brought under F.R.A.P. 4(a)(5), is untimely, and the Court lacks the discretion to grant the motion. Cohen, 142 F.3d at 118 (citing, inter alia, Endicott Johnson Corp. v. Liberty Mut. Ins. Co., 116 F.3d 53, 56 (2d Cir. 1997) ("Nor is the court authorized to grant a motion that was filed beyond the 30-day extension period [in F.R.A.P. 4(a)(5)].")).

### 2. F.R.A.P. 4(a)(6)

F.R.A.P. 4(a)(6) provides in relevant part that

> a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6).

"A district court lacks the discretion to grant a motion brought under [F.R.A.P.] 4(a)(6) unless all of the requirements listed above have been met." Trento, 2008 WL 400921, at *2 (citing

Martinez v. Hoke, 38 F.3d 655, 656 (2d Cir. 1994) (per curiam)). Here, Petitioner does not allege that he did not receive notice under F.R.C.P. 77(d) of the entry of the judgment or order he seeks to appeal. Because there is no suggestion that he did not receive notice under F.R.C.P. 77(d) of the entry of the order dismissing his habeas petition or the judgment in favor of the respondent, a necessary requirement, Petitioner cannot avail himself of F.R.C.P. 4(a)(6). Relief under this section must be denied.

### C.  **Appointment of Counsel**

Petitioner's second post-judgment motion requests the appointment of pro bono counsel because he is indigent and he "does not know how" to litigate his case himself.

It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding such as this one. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The appointment of counsel to represent a habeas petitioner lies within the court's discretion. See id. The factors to be considered in ruling on a motion for pro bono counsel include the merits of the case, the litigant's ability to pay for private counsel, the litigant's efforts to obtain a lawyer, the availability of counsel, and the litigant's ability to perform fact-gathering and to address the legal issues unassisted. Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits" of the litigant's case. Id.; see

also Johnston v. Genessee Cnty. Sheriff Maha, 606 F.3d 39, 41 (2d Cir. 2010) (For the court to appoint counsel in a civil action, the movant must first make at least "'a threshold showing of some likelihood of merit.'") (quotation and citation omitted). Petitioner's current application establishes none of the elements necessary to justify appointing counsel. In particular, Petitioner has not made, and cannot make, the threshold showing of some likelihood of merit, given that the Court has considered Petitioner's habeas claims and found them to be meritless. Moreover, the Court found, Petitioner did not make a substantial showing of the denial of a constitutional right for purposes of granting a certificate of appealability under 28 U.S.C. § 2253(c)(2). Finally, the Court has denied Petitioner's request for permission to file a late notice of appeal. Under these circumstances, to grant appointment of pro bono appellate counsel to Petitioner would be an abuse of the Court's discretion. Accordingly, Petitioner's request for appointment of counsel is denied with prejudice.

    **D.**    **Extension of Time to File Reply**

Petitioner conditionally has requested an extension of time to file reply papers, should the Court grant him pro bono counsel. The Court has denied his motion for appointment of counsel, thereby mooting his request for an extension of time.

**III. Conclusion**

For the foregoing reasons, Petitioner's Motion for Leave to appeal and/or Motion for Reconsideration (Dkt #33) is denied, and Petitioner's Motion for Appointment of Counsel and a Conditional Request for Extension of Time to File Reply (Dkt #36) is denied. The Court declines to grant a certificate of appealability.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   February 28, 2017
         Rochester, New York.